No. 39,554

GEORGE BENNETT, et al., *Appellees*, v. THE CITY OF KANSAS CITY, KANSAS, A Municipal Corporation, *Appellant*.

(277 P. 2d 649)

Opinion filed December 11, 1954.

*C. W. Brenneisen, Jr.*, City Attorney, Kansas City, Kansas, argued the cause and *William H. Towers, James J. Lysaught*, and *John J. Ziegelmeyer*, all Deputy City Attorneys, of Kansas City, Kansas, were with him on the briefs for the appellant.

*T. F. Railsback*, of Kansas City, was on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action on a written contract. Judgment was for plaintiffs overruling defendant's demurrer. The defendant has appealed.

The petition, after the formal allegations, alleged that the defendant city had entered into a written contract with plaintiffs whereby it hired them to demolish an old viaduct and construct a new one; that a controversy arose between defendant city and certain railroads so the railroads refused to grant the contractor access over the ground under the viaduct and hence delayed his operations for 115 days; that there was a strike in the steel industry so that 75 days were lost and plaintiffs were allowed 120 days extension to the original contract; that because of the controversy between defendant and its board of commissioners on the one hand and the railroads on the other, it became necessary for the plaintiff, George Bennett, owner of the George Bennett Construction Company, before he could proceed with the performance of his contract

"to change and alter the plans and specifications for said viaduct in such a manner that an arcade or false work satisfactory to said railroads would be constructed over their tracks so as to prevent the stoppage or interference with their trains or damage to their cars in transit, with the result that the City Engineer of Kansas City and the consulting engineers, Sverdrup & Parcel, and other officials of Kansas City worked out a plan with said railroads for the building in conjunction with the viaduct, and as an addition to the matters embraced in the contract marked Exhibit 'A,' whereby the plaintiff was required to build a complicated false work or arcade in order to cover the right-of-way of said railroads, and this additional work was performed by the plaintiff at a cost of $7,500.00, and was completed long before the principal contract was completed. At January 24, 1951, prior to his approval of the engineers' final estimate on January 25, 1951, the plaintiff conditionally signed and approved the final estimate in an effort to help the defendant in completing said project, the conditions thereof being evidenced by his letter to the City Engineer of January 24, 1951, in words and figures as follows:"

The letter to which reference was made in the above was as follows:

"In an effort to cooperate with the City in finalling out the job I have signed this final estimate, however, I do so with the express understanding that this does not include compensation for the falsework item called to your attention in my letter of November 21, 1950. The said item constitutes work not covered by the contract under which this estimate is issued and remains as an item of work performed by my company for the City for which compensation has never been made.

"I should like to final this falsework item out at the earliest possible date convenient to the City."

It was signed by the plaintiffs. The petition also alleged that the city engineer and the consulting engineers failed to include in the plans and specifications any provision for false work or an arcade of any kind and the false work or arcade was a compromise and adjustment of the controversial questions between the city and the

railroads and was no part of the work contracted to be performed by the plaintiffs under the mentioned contract or the plans and specifications or other contract documents connected therewith and was an item of outlay superimposed by the defendant under the circumstances upon the work undertaken by the plaintiff and he was entitled to recover $7,500 with interest. Judgment was prayed in that amount.

The contract was between the City of Kansas City, Kansas, party of the first part, and George Bennett, an individual doing business as the George Bennett Construction Company, party of the second part. In it the party of the second part agreed to furnish labor, tools, equipment and material and to construct and complete in every detail the viaduct on Central Avenue in Kansas City, Kansas, all to the satisfaction of the owner and in compliance with the contract documents attached thereto. It was agreed that construction and installation of the work should be completed and ready for use within 500 calendar days after the date of the notice to proceed to be issued by the engineer and that the work and material for the project should be completely installed and delivered to the owner clear and free from any and all liens, claims and demands of any kind for materials, equipment, supplies, labor, accident, death or otherwise. To insure prompt, faithful performance of the contract, the contractor attached a performance bond and a statutory bond which were in the full amount of the contract price to insure the faithful performance of the contract under all conditions laid down by it and the contract documents covering equipment furnished, labor employed, workmanship, material, time of completion and delivery. It was provided that the bonds should hold the city harmless and free from all liens, claims, patent infringement, liability, demands and expenses of every kind and nature for any accident or injury to any person or persons or property occasioned by or resulting from the prosecution of the work pursuant to the terms of the contract; that the compensation to be paid the contractor should be paid within five days after the expiration of each 30-day period; that an estimate of the proportion of the work done should be filed with the city clerk and the city would issue temporary notes for 90 percent of such work each month and pay the contractor the full sum thereof; that when the contract was completed and the work accepted the city engineer would file the final estimate; that within 60 days after the filing of such final estimate, the amount

of such final estimate, including the 10 percent retained by the city from the monthly estimates less a sum equal to 3 percent of the total amounts previously paid by the city upon the monthly estimates, should be paid to the contractor as full compensation under the terms of the contract; that if such final payment be not made within 60 days such amount then due the contractor should bear interest at the rate of 5 percent. A copy of this contract was attached to the petition.

The city demurred to this petition for the reason that it did not state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendant. This demurrer was overruled —hence this appeal.

The specification of error is that the trial court erred in overruling defendant's demurrer to plaintiffs' petition.

Defendant argues, the case comes within the rule that where one has contracted to perform a certain piece of construction work he is presumed to have contracted with reference to the existence of a state of things making performance possible and it is the contractor's own fault if he undertakes to do a thing which to him is an impossibility or very burdensome and unprofitable. This is undoubtedly the rule. It is not, however, in point here.

This is a demurrer to the petition on the ground that it does not state facts sufficient to constitute a cause of action. There were no motions to make it definite and certain. It must be given a liberal interpretation in favor of the plaintiff. (See *Johnson v. Russell,* 160 Kan. 91, 159 P. 2d 480 and *Klassen v. Creamery Co.,* 160 Kan. 697, 165 P. 2d 601.)

As already noted, the petition alleged the making of the contract and attaches a copy. The action is not brought on this contract, however. The petition alleges the arising of a dispute between the city on one hand and certain railroads on the other, over which the viaduct crossed, which dispute delayed the plaintiff for 115 days. It also alleged an additional 75 days lost on account of a strike in the steel industry and that the board of commissioners approved an extension of time of 120 days on this account. The petition then alleged that on account of the above controversy, which arose between the city on one hand and the railroads on the other, it became necessary to change and alter the original plans and specifications so that the false work in

question would be constructed; that the city engineer, the consulting engineers and other officials of Kansas City worked out a plan with the railroads for the building in addition to the matters embraced in the original contract, of a false work over the railroad tracks, and this additional work was performed by the plaintiff at a cost of $7,500. This is the contract upon which the action was brought.

Defendant argues that the statutes provide how a city may be bound. It makes the categorical statement in its brief that if there were any modifications of the plans and specifications they were done without proper authority. Such a statement does not appear to be justified by this record. For all this record shows, all the proper steps were taken. In order for a demurrer to a petition on the ground that it does not state facts sufficient to constitute a cause of action to be good, the defect must appear on the face of the petition. Such is not the case in this petition. What the facts will show when the action is tried is of no concern here. It follows the trial court ruled correctly when it overruled the demurrer.

The judgment of the trial court is affirmed.